IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAPRI LAWSON, *et. al,* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:13-CV-0418 |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | JUDGE SHARP/BRYANT |
| 15TH JUDICIAL DRUG TASK FORCE, *et. al,* | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CASEY LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-0420 |
| vs. | ) | |
| | ) | JURY DEMAND |
| 15TH JUDICIAL DRUG TASK FORCE, *et. al,* | ) | JUDGE SHARP/ BRYANT |
| | ) | |
| Defendants. | ) | |

**REVISED CASE MANAGEMENT ORDER**

Come now the Parties, by counsel and pursuant to Rule 16.01 of the Local Rules of Court

for the United States District Court, Middle District of Tennessee, and file this Proposed Revised

Case Management Order with revised pretrial deadlines in accord with the Court's Orders (3:13-

CV-0418, Doc. 47; 3:13-CV-0420, Doc. 38) as follows:

A. <u>JURISDICTION</u>: Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367(a). This

Honorable Court has jurisdiction over Plaintiffs' claims of violation of civil rights under 42

U.S.C. § 1983 and has authority to exercise supplemental jurisdiction over Plaintiffs' state

law claims pursuant to 28 U.S.C. § 1367(a). Jurisdiction is also founded pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Defendants deny that this Honorable Court should exercise supplemental jurisdiction over Plaintiffs' state law claims.

B. <u>BRIEF THEORIES OF THE PARTIES</u>:

1. <u>Plaintiffs Capri Lawson, et al.</u>: On May 2, 2012, 15th Judicial Drug Task Force agents entered the residence of the Plaintiff through the use of force and without a warrant. After 90 minutes, a search warrant was obtained which contained misleading statements and made material omissions.

During the search, the Plaintiff Capri Lawson, Joshua Kleinhans, .G. (a minor) and C.S. (a minor) were detained for over 5 hours. They were not allowed to use their phones nor record the encounter. Plaintiff Capri Lawson was interrogated without the assistance of counsel in front of her minor children. Plaintiff Capri Lawson's telephone was searched without a warrant.

Upon leaving the Plaintiff's residence, Defendants seized numerous items of Capri Lawson, Joshua Kleinhans, D.G. (a minor and C.S. (a minor). The seizure warrant was prepared by Defendant Brandon Gooch with the 15th Judicial Drug Task Force. The sworn affidavit contains inaccurate and false information.

On June 13, 2012, a special session of the Smith County Grand Jury returned a 1 count Indictment against Plaintiff Capri Lawson alleging Accessory after the Fact in violation of §T.C.A.39-11-41(a)(3). The allegations in the Indictment are false and were made maliciously.

On August 6, 2012, Plaintiff Capri Lawson was indicted again by the Smith County Grand Jury on a charge of Theft over $1,000.00. The allegations in this

Indictment are false and were made maliciously. Mrs. Lawson turned herself in to the Smith County Jail where she was initially denied bond and held for 3 days.

All of the above actions were done with the intent to prevent Plaintiff Capri Lawson from acting as a licensed bonding agent as well as deny Plaintiff Capri Lawson an opportunity to open her own bonding company with the 15th Judicial District of Tennessee.

2. <u>Plaintiff Casey Lawson:</u> In the Fall of 2011, Plaintiff was acting as a confidential informant for the 15th JDDTF. After making a large scale buy, Plaintiff expressed his desire to cease making buys for the 15th JDDTF because of safety concerns for himself and his family. The Director and Agents of the 15th JDDTF repeatedly threatened Plaintiff should he not continue making buys for the 15th JDDTF.

On December 5, 2011 Plaintiff received a full restoration of his citizenship rights and privileges. On March 8, 2012, Plaintiff received authorization to write bonds for Buddy's Bonding Co. In late March or early April, Plaintiff requested authorization to write bonds for his wife's newly formed bonding company, Capri Bonding Co. The petition for Capri Bonding Co. also included an application for Carlo Sguanchi, a former 15th JDDTF agent, to write bonds. The District Attorney's Office opposed all three of these petitions.

On May 2, 2012 Plaintiff arrived at the Smith County Sheriff's Office after receiving a phone call requesting his assistance. Upon his arrival, Plaintiff was detained for several hours and illegally interrogated after requesting to speak to his attorney multiple times.

While Plaintiff was detained at the Smith County Sheriff's Department, Defendants detained his wife Capri Lawson and children for approximately 90 minutes at Plaintiff's residence while obtaining a search warrant that contained misleading facts and material omissions. After Defendants searched the residence, no drugs or evidence of drugs were found. Despite that, Defendants seized various items from Plaintiff's residence.

Defendant Thompson made a statement to Plaintiff something to the effect of, "We're gonna hurt you so bad financially, you and Capri aren't' gonna be able to open that bonding company". Defendant Brandon Gooch prepared the seizure warrant which also contains misleading facts and material omissions.

After Defendant was charged with various crimes over a period of months as stated in the complaint, officers at the Smith County Sheriff's Department and agents at the 15th JDDTF would drive past Plaintiff's residence at all hours of the night for the purposes of harassment. As a result, Plaintiff moved his family to Davidson County due to safety concerns.

The Defendants acted to punish Plaintiff for his refusal to make any more buys as a confidential informant and also with intent to deprive him of continuing his employment as a bonding agent with Buddy's Bonding Co. and with Capri Bonding Co. in the future.

3. Defendants

    a.    15th Judicial Drug Task Force, Mike Thompson, Brandon Gooch, Steve Babcock: Defendants Fifteenth Judicial Drug Task Force, Mike ("Sarge") Thompson, Brandon Gooch, and Steve Babcock did not violate any of Plaintiffs'

federal constitutional rights or any of Plaintiffs' rights under Tennessee state law as Plaintiffs have alleged.

The Fifteenth Judicial Drug Task Force is an arm of the State that is immune from this suit and that is not a "person" subject to suit under 42 U.S.C. § 1983. Insofar as they have been sued in their official capacities, Thompson, Gooch, and Babcock are immune from this suit and are not "persons" subject to suit under 42 U.S.C. § 1983.

Plaintiffs' allegations against Thompson, Gooch, and Babcock individually do not entitle Plaintiffs to relief. All defendants are entitled to qualified immunity as law enforcement officers.

Drug Task Force agents' entry into the Lawson residence on May 2, 2012, was lawful. The initial entry was for the purpose of securing the Lawson residence in anticipation of the arrival of a search warrant that had already been issued. In securing the residence, defendants did not act unreasonably. The defendants did not use unreasonable force on any of the Plaintiffs at any time. The temporary detention of Plaintiffs was not unreasonable.

Only after the signed search warrant arrived did the search begin. The search warrant authorized the search that was conducted. Although the above-named individual defendants were not affiants on the search warrant, they deny that it contained "inaccurate and false information." The search warrant was based on probable cause. Similarly, the seizures that occurred after the search were based on probable cause and were not unreasonable.

Plaintiff Capri Lawson has been indicted for two separate criminal offenses and is awaiting trial on both. The indictments are conclusive proof of probable cause. Also, since Ms. Lawson has not yet been tried, her malicious prosecution claims are premature. The above-named individual defendants did not testify before the grand juries that issued these indictments. The second indictment (theft of over $1,000) was not related to drug activities. None of the above-named defendants had any role in Plaintiff Capri Lawson's allegations about bail bonding licensure.

Defendants deny any malice toward Plaintiffs. Defendants' acts were reasonable, were based on adequate training and supervision, followed acceptable law enforcement procedure, and were based on good faith.

b.      Charles Hopper: Defendant Hopper, as Sheriff of Smith County and individually, did not act or fail to act in any way that resulted in constitutional violations and/or damages to Plaintiffs.  Further, Defendant Hopper did not fail to adequately train and/or supervise his employees in any way that resulted in constitutional violations and/or damages to Plaintiffs.   Defendant Hopper's actions in no way constitute conversion, tortious interference with business relationships, or malicious harassment.  Defendant Hopper is entitled to qualified immunity in his individual capacity.

f.      Christopher Michael "Kit" Jenkins: Defendant Jenkins, as a Detective with the Smith County Sheriff's Department and individually, did not act or fail to act in any way that resulted in constitutional violations and/or damages to Plaintiffs. Defendant Jenkins acted appropriately under the law in regards to his actions

concerning the Plaintiffs. Defendant Jenkins's actions in no way constitute conversion, tortious interference with business relationships, malicious harassment, or bad faith seizure. Defendant Jenkins is entitled to qualified immunity in his individual capacity.

g.  Smith County, Tennessee: Defendant Smith County did not violate Plaintiffs' constitutional rights or cause any damage to the Plaintiffs. Smith County exercised reasonable care in the hiring, supervision, discipline, and training of its employees and in the adoption and implementation of its policies concerning detention of persons while awaiting search warrants and securing residences. Defendant Smith County's actions, through its agents, in no way constitute conversion, tortious interference with business relationships, or malicious harassment.

h.  Hartsville/Trousdale County Government: While Brandon Gooch is an employee of the Trousdale County, all actions/inactions alleged in the complaint regarding Mr. Gooch concern his involvement with the 15th Judicial Drug Task Force. Mr. Gooch was adequately trained by Trousdale County for his role as a Trousdale County sheriff's deputy. No actions or inactions of this defendant caused or in any way encouraged the alleged violations set forth in the complaint.

C.  ISSUES RESOLVED:   Jurisdiction and venue, except for supplemental jurisdiction.

D.  ISSUES STILL IN DISPUTE:   Liability and damages.

E.  INITIAL DISCLOSURES:   The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Per the Initial Case Management Order (3:13-CV-00420, Doc. 30), the deadline for initial disclosures was August 15, 2013.

F. <u>DISCOVERY</u>: The parties shall complete all written discovery and depose all fact witnesses on or before <u>April 1, 2015</u>. Discovery is not stayed during dispositive motions unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery related motions are to be filed in accordance with the practice of the magistrate judge who will resolve any disputes.

G. <u>MOTIONS TO AMEND</u>: The parties shall file all Motions to Amend on or before <u>February 1, 2015</u>.

H. <u>DISCLOSURE OF EXPERTS</u>: The plaintiff shall identify and disclose all expert witnesses and expert reports pursuant to Fed. R. Civ. P. 26(a)(2) on or before <u>February 1, 2015</u>. The defendant shall identify and disclose all expert witnesses and reports pursuant to Fed. R. Civ. P. 26(a)(2) on or before <u>April 1, 2015</u>. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before <u>May 1, 2015</u>.

I. <u>DEPOSITIONS OF EXPERT WITNESSES</u>: The parties shall depose all expert witnesses on or before <u>July 1, 2015</u>.

J. <u>JOINT MEDIATION REPORT</u>: The parties shall file a joint mediation report on or before <u>July 1, 2015</u>.

K. <u>DISPOSITIVE MOTIONS</u>: The parties shall file all dispositive motions on or before <u>August 15, 2015</u>. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed thirty (30) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

L. **ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in administrative Order No. 174 need not apply to this case.

M. **TRIAL DATE :** Jury trial is set to begin on January 5, 2016, at 9:00 a.m. A pretrial conference shall be held on December 21, 2015, at 1:30 p.m. before Judge Sharp. Trial is expected to last approximately 5 days.

It is so ORDERED.

s/ John S. Bryant
**JOHN S. BRYANT**
**United States Magistrate Judge**

APPROVED FOR ENTRY:

HAGAN & TODD

By: /s/ James H. Todd
James H. Todd, BPR #016320
Katie Hagan, BPR #022122
Hagan & Todd
218 Third Avenue N, Ste 200
Nashville, TN 37201
*Attorneys for Plaintiff Capri Lawson*

By: /s/ Andrew Love
Andrew Love, BPR # 029862
700 Craighead St., Suite 105
Nashville, TN 37204
*Attorneys for Plaintiff Casey Lawson*

BATSON NOLAN PLC


By: /s/ Mark Nolan
      Mark Nolan, BPR #015859
      Kathryn W. Olita, BPR #023075
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501
      *Attorneys for Defendants Smith County,*
      *Hopper and Jenkins*


TENNESSEE ATTORNEY GENERAL'S OFFICE


By: /s/ Dawn Marie Jordan
      Dawn Marie Jordan, BPR # 020383
      Michael L. Delisle, BPR # 28260
      Tennessee Attorney General's Office
      P.O. Box 20207
      Nashville, TN 37202
      *Attorney for Defendants*
      *15th Judicial Drug Task Force,*
      *Thompson, Gooch, Babcock*


ORTALE, KELLEY, HERBERT & CRAWFORD


By: /s/ Michael T. Schmitt
      Michael T. Schmitt, BPR # 026573
      Ortale, Kelley, Herbert & Crawford
      330 Commerce Street, Suite 110
      Nashville, TN 37201
      *Attorney for Defendants*
      *Trousdale County Sheriff's Department*
      *and Hartsville/Trousdale County*