```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


CAPRI LAWSON, et al.,              )
                                   )
         Plaintiffs                )
                                   )    No. 3:13-0418
v.                                 )    Chief Judge Sharp/Bryant
                                   )    Jury Demand
15TH JUDICIAL DRUG TASK FORCE,     )
et al.,                            )
                                   )
         Defendants                )
```

**TO: KEVIN H. SHARP, CHIEF DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

The Defendants have filed three motions for summary judgment that are currently pending in this case (Docket Entry Nos. 85, 88 and 100). Plaintiff Capri Lawson, who is deemed to be proceeding *pro se* following the withdrawal of her counsel, has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that these three motions for summary judgment be granted and that the complaint be dismissed.

### STATEMENT OF THE CASE

Plaintiffs Capri Lawson, Joshua Kleinhans, and Capri Lawson as next friend for D.G. and C.S., both minors, have filed their civil rights complaint pursuant to 42 U.S.C. § 1983 against a state law enforcement agency, two Tennessee counties, and five individual law enforcement officers alleging that Defendants have

violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert state law claims for malicious prosecution, conversion, negligent supervision, intentional interference with business relationships, and bad faith seizure (Docket Entry No. 1).

Defendants have filed their respective motions for summary judgment, supported by multiple affidavits. No response has been filed.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing

that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PERTINENT FACTS

At all pertinent times, Plaintiff Capri Lawson was a resident of Smith County, Tennessee, and the mother of Joshua Kleinhans, an adult, and D.G. and C.S., both minors. Capri Lawson was employed as a bail bondsman and licensed to write bail bonds in Smith, Macon and Trousdale Counties in Tennessee.

Plaintiffs' claims in this case arise out of Defendants' execution of a search warrant at Plaintiffs' Carthage, Tennessee, residence on May 2, 2012, and the related criminal prosecution of Plaintiff Capri Lawson.

By way of background, in early April 2012, it became apparent to law enforcement that information about sealed indictments issued by the Smith County, Tennessee, Grand Jury on April 2nd had been leaked to the indicted defendants. During an attempted round-up of these 19 offenders, only one–Nancy Berry–was located. This was an extremely low number for such a normal round-up. Shortly thereafter, Casey Lawson, husband of Plaintiff Capri Lawson, approached Smith County Sheriff Steve Hopper and Defendant Mike Thompson, Director of the Fifteenth Judicial District Drug Task Force ("JDDTF"), and informed them that the Frenches had moved "down off Highway 70" to a new address. The Frenches were among the 19 drug offenders indicted under seal by the Smith County Grand Jury on April 2, and Casey Lawson should not have known about these indictments (Docket Entry No. 85-1 at 7).

Nancy Berry, one of the drug offenders indicted under seal, already knew about the sealed indictment against her when Sheriff Hopper and Defendant Thompson arrested her on April 10, 2012. Ms. Berry's cell phone was seized incident to her arrest and was found to contain a text message that she had received on April 2 from Casey Lawson's cell phone number stating, "You got 3 indictments today." During an interview with Defendant Thompson at the Smith County Jail, Ms. Berry admitted that she had indeed received this text message from Casey Lawson. Ms. Berry also told

4

Defendant Thompson that Casey Lawson had also informed Andrew Gibbs, another of the indicted offenders, about sealed indictments issued against him for trafficking cocaine. Berry also told Thompson that Capri Lawson was involved with, or at least knew about, the sealed indictments being leaked to the drug offenders.

Following this interview with Nancy Berry, she agreed to be a cooperating witness by carrying an audio transmitter, or "wire," in her purse during an arranged meeting with Casey Lawson. This audio transmitter would permit law enforcement officers of the JDDTF to overhear conversations during the meeting.

Later, on April 10, 2012, Casey Lawson and Capri Lawson came to the Smith County Jail for the purpose of bonding out Nancy Berry. Capri Lawson bonded Berry out of the jail and thereafter agreed to give Berry a ride to a motel in Carthage, Tennessee. While Berry and Capri Lawson were sitting in the Cadillac CTS-V in the jail parking lot, Defendant Brandon Gooch, listening over the audio transmitter, overheard Berry tell Lawson that the JDDTF's were "on to them." Gooch then overheard Berry borrow Capri Lawson's telephone and call Andrew Gibbs, another subject of the sealed indictment, to warn Gibbs that the JDDTF had discovered the plot to leak sealed indictments (Docket Entry No. 85-2 at 5).

On April 12, 2012, Smith County Detective Christopher "Kit" Jenkins applied for a search warrant for Casey Lawson and

5

Capri Lawson's cell phone records including text message content. This search warrant was issued by Smith County Criminal Court Judge David Durham on April 12, 2012. Telephone records obtained from execution of these search warrants demonstrated Casey Lawson's direct involvement in tipping off indicted drug offenders about sealed indictments against them, as well as Capri Lawson's knowledge of, and likely involvement in, the scheme of informing drug offenders of sealed indictments against them. Specifically, by way of example, Casey Lawson's phone record included the following text message to the number of drug offender Mark King, who had been indicted under seal: "Hide hide old buddy you've got 3 indictments today but they aint serving them til Friday." (Docket Entry No. 85-1 at 10). Casey Lawson's text messages also implicated him in arranging a marijuana transaction with Jermaine Phillips on April 13, 2012.

In order to further the investigation of the Lawsons for suspicion of leaking sealed indictments and engaging in drug transactions, Smith County Detective Jenkins applied for a search warrant to search the Lawson residence, including out buildings and any vehicles located at their residence. This warrant was issued by Circuit Court Judge John Wootten on May 2, 2012, at 8:18 a.m. (Docket Entry No. 85-1 at 11).

On May 2, 2012, at approximately 9:00 or 9:30 a.m., Defendants Clint Hestand, Steve Babcock and Brandon Gooch arrived at the Lawson residence at 405 Third Avenue East in Carthage. When Capri Lawson came to the front door following the officers' knock, they informed her that a search warrant for her home had been issued. Ms. Lawson stepped back into the house and picked up her cell phone to call her attorney, Brandon Bellar. After apparently speaking briefly with Bellar, Ms. Lawson told the officers that she had Bellar on the phone and that he said they needed to leave the house. The officers responded that there was a search warrant issued for the residence and that they were there to secure the location. Thereafter, Capri Lawson allowed the officers to enter the home.

After the officers entered, two minor children present took seats on the living room couch to watch cartoons on a large television. Clint Hestand and Steve Babcock performed a protective sweep of the house and returned to the living room in about five minutes with Joshua Kleinhans, whom they had located in one of the rear rooms. As soon as Capri Lawson finished her phone conversation with Brandon Bellar, she and the other occupants were asked to put their cell phones on a table in the living room. Ms. Lawson and the other occupants of the home were permitted to continue their normal activities so long as they remained within sight of the officers.

7

At approximately 10 to 10:30 a.m., Defendants Thompson and Jenkins arrived at the Lawson residence joined by the Chief of the Carthage Police Department and a uniformed police officer of that department. They brought with them the search warrant that had been issued earlier in the day by Judge Wootten. Thereafter, the search of the home began. Numerous items were seized as evidence incident to this search, including multiple weapons, ammunition and three cell phones belonging to occupants of the home (Docket Entry No. 85-3 at 9-10). In addition, two vehicles belonging to the Lawsons, a 2003 Ford F-250 truck, and a 2006 Cadillac CTS-V, along with $255 in cash thought to be proceeds from a drug transaction involving Casey Thompson, were seized pursuant to Tennessee forfeiture statutes.

In June 2012, Plaintiff Capri Lawson was indicted by the Smith County Grand Jury for the following offense: one count of accessory after the fact based upon her participation in warning offender Andrew Gibbs on April 10, 2012, of his impending apprehension or discovery (Docket Entry No. 85-1 at 18-19). The District Attorney's Office later elected to dismiss or *nolle* the case against Plaintiff Capri Lawson (*Id.*).

**ANALYSIS**

As mentioned above, Plaintiff Capri Lawson has not filed a response in opposition to Defendants' motion for summary

8

judgment. Nevertheless, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to insure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Claims Under 42 U.S.C. § 1983. In her first cause of action, Plaintiff Lawson alleges that Defendants Thompson, Jenkins, Gooch, Babcock, Hopper, Smith and Trousdale Counties, and the 15th Judicial Drug Task Force violated Plaintiffs' rights under the Fourth Amendment of the United States Constitution relating to the execution of the search warrant at Plaintiffs' residence on May 2, 2012. Specifically, Plaintiffs allege that the Defendants (1) illegally entered their home in violation of the Fourth Amendment; (2) illegally detained Plaintiffs in the home awaiting arrival of the search warrant; and (3) conducted an illegal search of the home pursuant to a "bad warrant" (Docket Entry No. 1 at 17).

To begin with, it appears undisputed in this record that Circuit Judge John Wootten issued the subject search warrant at 8:18 a.m. on May 2, 2012 (Docket Entry No. 85-1 at 28-34). Therefore, it appears undisputed that the state court had issued the subject search warrant almost an hour before Defendants Babcock, Gooch and Hestand first arrived at the Lawson residence.

Moreover, the affidavit testimony of Defendants Gooch and Babcock, which is undisputed in this record, establishes that following a brief conversation at the front door Plaintiff Capri Lawson consented to the officers' entering the home (Docket Entry Nos. 85-2 at 7 and 85-3 at 3). Because the undisputed record shows that the Court had issued a search warrant for the Lawson residence approximately an hour before the officers arrived at the house, and that Plaintiff Capri Lawson consented to the officer's entry, the undersigned Magistrate Judge finds that entry by the officers was neither illegal nor a violation of Plaintiffs' rights under the Fourth Amendment.

As the factual summary above states, after entering the Lawson residence, Officers Babcock, Gooch and Hestand permitted the occupants, Ms. Lawson and her three children, to continue their normal activities within the home so long as they remained within sight of the officers. Ms. Lawson did at one point request permission for her three children to leave the home in order to walk to her lawyer's office, and this request was denied. At approximately 10:00 a.m., additional law enforcement officers arrived and the physical search warrant and the actual search of the residence was begun. Plaintiffs allege that their detention in the home awaiting delivery of the search warrant violated their Fourth Amendment rights against unreasonable seizure.

The United States Supreme Court in the case of *Michigan v. Summers*, 452 U.S. 692 (1981), has held that officers executing a search warrant for contraband have the authority to detain the occupants of the premises while a proper search is conducted. The Court further held in *Muehler v. Mena*, 544 U.S. 93 (2005), that an officer's authority to detain an occupant incident to the execution of a search warrant is categorical and does not depend upon the quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure. *Id*. at 98. Upon this authority and the undisputed evidence in this record, the undersigned Magistrate Judge finds that the temporary detention of the Plaintiff occupants of the Lawson residence on May 2, 2012, as a matter of law, did not constitute an unreasonable seizure in violation of Plaintiffs' rights under the Fourth Amendment.

Finally, Plaintiffs allege that "once officers arrived with the Search Warrant the Search was illegal because the Search Warrant was bad and did not demonstrate probable cause as required by the law." (Docket Entry No. 1 at 18). The undisputed evidence in the record before the Court establishes that on May 2, 2012, Defendant Detective Christopher ("Kit") Jenkins of the Smith County Sheriff's Department executed an affidavit in support of an application for a search warrant of the Lawson residence at 405 Third Avenue East in Carthage and that Criminal Court Judge John

Wootten, Jr., issued the requested search warrant at 8:18 a.m. (Docket Entry No. 104-1 at 7-13). From this evidence it appears undisputed that a court of competent jurisdiction found probable cause to believe that evidence of violation of state criminal statutes was in the possession of Casey Lawson and located at his residence. Upon this finding, the state court issued the subject search warrant. In the absence of any contrary proof, the undersigned Magistrate Judge finds that the subsequent search of the Lawson residence pursuant to this search warrant, as a matter of law, did not violate Plaintiff's rights under the Fourth Amendment.

<u>Claim of Malicious Prosecution</u>. Plaintiff Capri Lawson in her second cause of action asserts a claim of malicious prosecution against Defendants (Docket Entry No. 1 at 20-21). In order to succeed in a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, Lawson must show that her prosecution was initiated without probable cause. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007).

It appears undisputed in this record that on June 13, 2012, the Smith County Grand Jury returned a one count indictment against Plaintiff Capri Lawson charging her as an accessory after the fact in violation of Tennessee Code Annotated § 39-11-41(a)(3). Plaintiff Lawson was again indicted by the Smith County Grand Jury

12

on August 6, 2012, on a charge of theft over $1,000. It has long been settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). As a matter of law, Plaintiff Lawson's indictment is dispositive of her § 1983 malicious prosecution claim, particularly in the complete absence of any evidence that her indictments were obtained through improper testimony in front of the grand jury.

For the foregoing reason, the undersigned Magistrate Judge finds that there is no genuine issue of material fact regarding Plaintiff's malicious prosecution claim and that it should be dismissed as a matter of law.

<u>Complaints of Conversion and Bad Faith Seizure</u>. In her third and sixth causes of action, Plaintiff asserts causes of action for conversion and bad faith seizure, apparently based upon items of personal property, including vehicles, taken from the Lawson home incident to the search on May 2, 2012, some of which were later subjected to seizure and forfeiture pursuant to Tennessee Code Annotated § 40-33-201, *et seq*.

As stated earlier in this report and recommendation, the search of the Lawson residence at 405 Third Avenue East, Carthage, Tennessee, on May 2, 2012, was conducted pursuant to a facially

13

valid search warrant issued by the state criminal court (Docket Entry 104-1 at 8-13). A written inventory of items taken from the Lawson residence during the search was prepared by the defendant officers who conducted the search (Docket Entry No. 85-3 at 9-10). Defendant Drug Task Force sought a forfeiture warrant for the Lawson's Ford F-250 truck, Cadillac CTS-V and $255 in U.S. currency seized during the search of Lawson home and vehicles. Trousdale County General Sessions Judge Kenny Linville found that probable cause existed for the forfeiture of the two vehicles and the U.S. currency (Docket Entry 85-1 at 16-17). Except for the firearms found in the Lawson residence, which are being held as evidence in a criminal proceeding, the remainder of the personal property seized during the execution of a search warrant on the Lawson home has been returned to the Lawsons except for a 22-inch TV, which has been held available for pick-up by Casey or Capri Lawson for considerable period (Docket Entry No. 85-1 at 18).

From the undisputed evidence in this record, the undersigned Magistrate Judge finds that personal property belonging to the Lawsons was seized pursuant to the execution of a validly issued search warrant on May 2, 2015, and that the two vehicles and $255 in cash was held thereafter subject to validly issued seizure warrants obtained upon a showing of probable cause to a state court judge. In the absence of any contrary evidence, the undersigned

Magistrate Judge finds that there is no genuine issue of material fact regarding the conversion and bad faith seizure claims in the third and sixth causes of action in the complaint, and that these claims should be dismissed as a matter of law.

<u>Claim of Negligent Supervision</u>. Plaintiffs in their fourth cause of action allege that Defendants Thompson, Hopper, Smith County and Trousdale County are liable for negligent supervision pursuant to the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated § 29-10-101. Specifically, Plaintiffs allege that these Defendants negligently failed "to provide proper training and outlining proper procedures for seizing property and instituting forfeiture proceedings." (Docket Entry No. 1 at 22).

As the discussion immediately above indicates, the undersigned finds from the undisputed evidence in the record that both the seizure of personal property and the subsequent forfeiture proceedings were conducted pursuant to validly issued warrants. In the absence of any contrary evidence or other response by Plaintiffs, the undersigned finds that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law on Plaintiffs' claims of negligent supervision.

<u>Claim of Intentional Interference With Business Relationship</u>. In her fifth cause of action, Plaintiff Capri Lawson claims that the Defendants "used improper means and had improper

15

motives to interfere with the prospective business relationship through the use of their authority in the scope of employment, and this intentional interference resulted in significant monetary damages and non-economic injuries to Plaintiff Capri Lawson" (Docket Entry No. 1 at 22-23). Although the allegations in the complaint regarding this cause of action are somewhat vague, it seems that Plaintiff Capri Lawson claims that the Defendants wrongfully searched her home and charged her with a criminal offense in a deliberate attempt to jeopardize her bail bonding business. As stated above, the search of Plaintiff's home was conducted pursuant to a facially valid search warrant issued by a state court judge upon a showing of probable cause. Similarly, Plaintiff Capri Lawson was indicted on two separate occasions by the Grand Jury of Smith County, Tennessee (Docket Entry No. 85-5). On their face, these two indictments appear to have been validly issued by the grand jury. In the absence of any response by Plaintiffs or other contrary evidence, the undersigned Magistrate Judge finds that there is no genuine issue of material fact regarding Plaintiff Capri Lawson's claim of intentional interference with business relationships, and that Defendants are entitled to judgment on this claims as a matter of law.

    For the reasons stated above, the undersigned Magistrate Judge finds that the three motions for summary judgment filed by

Defendants in this case (Docket Entry Nos. 85, 88 and 100), should be granted.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the Defendants' motions for summary judgment be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 23rd day of December, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge